IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER, Individually, <br><br> Plaintiff, <br><br> v. <br><br> RICK A. CRIPE d/b/a HOLIDAY INN EXPRESS & SUITES VANDALIA, Individually, <br><br> Defendant. | Case No. 3:20-cv-00758-SMY |

## MOTION TO DISMISS FOR INSUFFICIENT SERVICE, AND/OR FAILURE TO STATE A CLAIM FOR RELIEF, LACK OF SUBJECT MATTER JURISDICTION, MOOTNESS, AND FOR PARTIAL STAY OF ACTION

Defendant Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick Cripe, d/b/a/ Holiday Inn Express & Suites, *Individually*) by and through its attorneys, and pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint based on insufficient service of process, lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted and mootness.  For the reasons set forth herein, this Court should also stay any further proceedings in this matter until Plaintiff can affirmatively establish that she has standing to pursue this lawsuit against the proper defendant.  In support, Defendant states as follows.

1. This case presents the Court with an unusual procedural setting because Plaintiff named an individual as the Defendant, Rick A. Cripe, *Individually*, but served the Complaint upon Kevin Burdine, General Manager, Holiday Inn Express & Suites, 21 Mattes Avenue, Vandalia, IL 62471.  (Hereinafter "**HIE&S Vandalia**")

2. Old Capitol Properties, LLC, is the owner of the Holiday Inn Express & Suites located in Vandalia, Illinois.  In turn, the HIE&S Vandalia is managed by General Hotels Corporation as part of the InterContinental Hotels Group plc or IHG, a British multinational hospitality company headquartered in Denham, Buckinghamshire, England.  Neither General Hotels Corporation nor IHG have been named as defendants in this matter.

3. Old Capitol Properties, LLC has no knowledge as to the identity of Mr. Rick A. Cripe as he is not an employee, agent or former or current guest of either Old Capitol Properties or the Holiday Inn Express & Suites Vandalia.  (See affidavit of Robert Plummer, attached as Exhibit A to defendant's memorandum of law in support of its motion to dismiss, para. 4-6)

4. To the extent Plaintiff intended to bring the lawsuit against Rick A. Cripe, *Individually*, she failed to obtain proper service upon an individual, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure because Plaintiff did not deliver a copy of the summons and Complaint to the individual personally.

5. Rather, she served Kevin Burdine as general manager.  Plaintiff did not leave a copy of the complaint at Mr. Cripe's "dwelling or usual place of abode with someone of suitable age and discretion who resides there" because the Holiday Inn Express & Suites is a commercial establishment and Mr. Cripe does not dwell or reside there.  Likewise, Plaintiff failed to comply with 735 ILCS 5/2-2-3 for service upon an individual defendant for the same reason. (See Exhibit A, para. 4-6)  Finally, Holiday Inn Express & Suites Vandalia is not "an agent authorized by appointment or by law to receive service of process: on behalf of Mr. Rick Cripe.  (Exhibit A, para. 9)

6. Kevin Burdine is not an officer, employee, general or managing agent or registered agent of Old Capitol Properties, LLC and therefore Plaintiff did not obtain proper service under Rule 4(h) of the Federal Rules of Civil Procedure. (Exhibit A, para. 9)

7. Since all of the allegations in the Complaint are directed only at Rick A. Cripe d/b/a Holiday Inn Express & Suites Vandalia, *Individually*, the Complaint fails to state any plausible claim for relief against Old Capitol Properties, LLC.

8. Further, Old Capitol Properties does not maintain the hotel website or have any control over other third party online reservation systems such as Expedia.com, Booking.com, Orbitz.com, Agoda.com or Trip.com. (Exhibit A, para. 11-12) Once again, the Complaint fails to state any plausible claim for relief against Old Capitol Properties, LLC in reference to the hotel website and/or any third party online reservation systems.

9. Thus, this Court has grounds to dismiss the Complaint. To the extent that the Court would decide otherwise, it should stay any further proceedings in this matter and require that plaintiff establish that this Court has subject matter jurisdiction over her asserted ADA claims due to her lack of standing and/or that her Complaint is not barred as moot.

10. As alleged in the Complaint, Plaintiff is a "tester" for the ADA, but this status as a "tester" does not appear to be sufficient to establish subject matter jurisdiction in this action because plaintiff fails to demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision.

11. This Court may take judicial notice that Plaintiff Laufer has filed basically the same complaint against multiple defendants in the U.S. District Court for the Southern District of Illinois. Plaintiff has also done so in the U.S. District Court for the Northern District of New

York and a federal judge in that Court questioned whether Laufer had standing to invoke subject matter jurisdiction. *Laufer v. Laxmi & Sons*, LLC, 2020 U.S. Dist. LEXIS 79545.

13. U.S. District Judge Brenda K. Sannes provided Plaintiff with an opportunity to brief the issue of subject matter jurisdiction for each of the cases filed in that jurisdiction before proceeding further with the case.

13. This is appropriate in this matter, as well, because Plaintiff Laufer fails to allege that she has ever travelled to Vandalia, Illinois or plans to do so in the immediate future. Therefore, the Complaint fails to validly invoke this court's subject matter jurisdiction without the requisite injury in fact.

14. Finally, this Court should also require Plaintiff to brief the issue of mootness before proceeding any further in this case because the web site of Holiday Inn Express & Suites Vandalia does comply with the ADA's requirements as to accessibility. Thus, there is no "real and immediate threat of repeated injury" and any ADA claim is moot.

15. The Defendant has filed its Memorandum of Law in support of this motion herewith.

**WHEREFORE**, Defendant Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick A. Cripe, d/b/a/ Holiday Inn Express & Suites, *Individually*), respectfully moves this Court for an Order dismissing Plaintiff's Complaint for insufficient service, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and further that this Court stay this matter until Plaintiff has fully briefed whether this court has subject matter jurisdiction over her alleged claim and whether those same claims as an "ADA tester" are barred as moot, and for such further relief this Court deems just and proper.

Dated: September 8, 2020               Respectfully submitted,

/s/ *Michael D. Schag*
Michael D. Schag, #6226014
James G. Nowogrocki, #6202539
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
Phone: 618-656-4646
Facsimile: 618-656-7940
Primary e-service: edwecf@heylroyster.com
Secondary e-service: mschag@heylroyster.com

*Attorneys for Defendant*
*Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick Cripe, d/b/a/ Holiday Inn Express & Suites, Individually)*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

/s/ *Michael D. Schag*

*Counsel for Defendant*
*Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick Cripe, d/b/a/ Holiday Inn Express & Suites, Individually)*