# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER, Individually, <br><br> Plaintiff, <br><br> v. <br><br> RICK A. CRIPE d/b/a HOLIDAY INN EXPRESS & SUITES VANDALIA, Individually, <br><br> Defendant. | Case No. 3:20-cv-00758-SMY |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR INSUFFICIENT SERVICE, AND/OR FAILURE TO STATE A CLAIM FOR RELIEF, LACK OF SUBJECT MATTER JURISDICTION, MOOTNESS, AND FOR PARTIAL STAY OF ACTION**

A.  **LACK OF PROPER SERVICE UNDER FED. R. CIV. P 4**

Plaintiff's lawsuit misidentifies Rick A. Cripe d/b/a/ Holiday Inn Express & Suites Vandalia, Individually, as the proper defendant in this case.  The actual owner of the Holiday Inn Express & Suites Vandalia (hereinafter "HIE&S Vandalia") is Old Capitol Properties, LLC.  Mr. Cripe has no association whatsoever with the owner of the hotel as either an officer, employee, agent or registered agent and thus plaintiff has failed to obtain proper service of process.  (See affidavit of Robert Plummer, attached hereto and incorporated herein as Exhibit A.)  However, in the interest of full disclosure to the Court, the lawsuit was served upon Mr. Burdine, a general manager at the HIE&S Vandalia and thus the proper defendant, Old Capitol Properties LLC, does have knowledge of the pendency of this action.  However, its entry of appearance and bringing this motion cannot cure the deficiencies in service.  This case should be dismissed on that ground alone.

It is well recognized that a defendant's actual notice of the litigation is insufficient to satisfy Fed. R. Civ. P. Rule 4's requirements. *Mid-Continent Wood Products, Inc. v. Harris*, 936

F.2d 297, 301 (7th Cir. 1991) An appearance doesn't cure service deficiencies under Fed. R. Civ. P. 4. *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 148 (N.D. Ind. 1985) (knowledge of the pendency of this lawsuit cannot cure the deficiencies in service.)  In considering the sufficiency of service of process, a defendant may introduce affidavits to support its contention that service was improper. *See Jones v. Jones*, 217 F.2d 239, 242 (7th Cir. 1954) (considering affidavits submitted by both parties in deciding whether service was proper); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1186 (7th Cir. 1969) (considering affidavit submitted to support defendant's motion to quash service).

Fed. R. Civ. P 4(h) provides in pertinent part:

**Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or

**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

**(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Kevin Burdine is not an officer, employee, general or managing agent or registered agent of Old Capitol Properties, LLC and therefore Plaintiff did not obtain proper service under Rule

4(h) of the Federal Rules of Civil Procedure. (Exhibit A) This Complaint must be dismissed for its failure to name the proper defendant and obtain sufficient service of process thereon.

    B. <u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>

An additional ground exists to dismiss the Complaint.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the Seventh Circuit explained, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Since all of the allegations in the Complaint are directed at Rick A. Cripe d/b/a Holiday Inn Express & Suites Vandalia, then the Complaint fails to state a claim upon which relief could be granted because there are no factual allegations against Old Capitol Properties LLC. There cannot be any reasonable inference that Old Capitol Properties LLC is liable for the misconduct alleged in the Complaint without any allegations against it. Additionally, Old Capitol Properties LLC does not maintain the website of HIE&S Vandalia or any of the third party online reservations systems named in the Complaint. (Exhibit A.) Therefore, Plaintiff fails to allege any plausible claim against Old Capitol Properties since the gravamen of her Complaint is about the ADA and accessibility on such websites. That presents a second ground for dismissal of this action.

But an even more fundamental defect applies to the Complaint (even *assuming arguendo* that it named the proper defendant and Plaintiff obtained sufficient service).

C.  LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction because Plaintiff fails to demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision.  Likewise, her claim for injunctive relief fails because there is not "a real and immediate threat of repeated injury" under applicable law to an "ADA tester."

The allegations of the Complaint demonstrate Laufer cannot establish injury in fact or a real and immediate threat of repeated injury.

Plaintiff Deborah Laufer is a resident of Pasco County, Florida.  (Complaint, para. 2, Doc. 1)  Laufer identifies herself as a "tester" for the purpose of asserting her civil rights and monitoring, ensuring and determining whether place of public accommodation and their web sites are in compliance with the Americans with Disabilities Act. ("ADA") (Complaint, para. 2, Doc. 1)  She further alleges that the Defendant's hotel online reservation system fails to meet ADA accessibility requirements set forth in 28 C.F.R. 36.02(e),  (Complaint, para. 9, Doc. 1) and that she was deprived the same goods, services, features, facilities, benefits, advantages and accommodation of the Property available to the general public.  In paragraph 13 of the Complaint, Plaintiff alleges that violation present at website infringe her right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel.  She also alleges that she has suffered, and continues to suffer, frustration and humiliation

as the result of the discriminatory conditions present at Defendant's website.  (Complaint, Para. 13)

Plaintiff's Complaint contains **no** allegations whatsoever that she has ever travelled to the Holiday Inn Express & Suites in Vandalia, Illinois; that she has any intent to travel to Vandalia, Illinois and stay at the hotel, or that she has ever travelled to or near Vandalia, Illinois (or intends to do so in the future) and was prevented from reserving a room which is accessible for a disabled individual as defined under the ADA.  Plaintiff's allegation that she keeps a list of whether she finds that a hotel's website complies with the ADA is not an injury-in-fact.

The applicable 7th Circuit case law stands firmly against Laufer's attempt to seek relief in this Court.

An "ADA tester" must satisfy the elements of standing, including the injury-in-fact requirement.  *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019) Because plaintiff Laufer seeks injunctive relief, she must also demonstrate that she faces a "real and immediate" threat of future injury; "a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) The Supreme Court has described the injury-in-fact requirement as the "[f]irst and foremost" element of standing. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). To satisfy this element, Laufer must allege that she suffered an injury that is "both concrete *and* particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016).  In *Carello*, the 7th Circuit ruled that the district court correctly concluded that the plaintiff there, who is blind, lacked standing to sue a credit union for a violation of the ADA.  The plaintiff lacked standing to obtain injunctive relief because the dignitary harm stemming from the credit union's failure to accommodate his visual impairment

did not constitute an injury in fact under U.S. Const. art. III.  As the Court noted in *Carello*, the plaintiff failed to show that he faces a "real and immediate threat" of future injury.

Likewise, Plaintiff Laufer does not plausibly allege in the Complaint that she has any intent to travel to Illinois to stay at the HIE&S Vandalia for any purpose or that the websites prevented her from doing so.  Plaintiff's allegation that the web site content infringes in her undefined "right to travel" is not the harm which constitutes an injury in fact under Article III.

This is especially true in cases alleging that a place of public accommodation violated the ADA.

To establish an "injury-in-fact" for purposes of Title III of the ADA, which authorizes only prospective injunctive relief, a plaintiff must allege that a "real and immediate" threat of future violations exists. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074-75 (7th Cir. 2013). To meet this standard, a litigant must "allege past injury under the ADA; show that it is reasonable to infer from [his] complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of [his] visits and the proximity of the public accommodation to [his] home, that [he] intends to return to the public accommodation in the future." *Id.* at 107.

In cases where the plaintiff has not suffered a past injury, the strength of her claim for a possible future injury is all the more important.  *Faircloth v. McDonald's Corp.*, 2018 U.S. Dist. LEXIS 193286, 2018 WL 5921230 (N.D. Ill. 2018)  Courts have identified four factors relevant to this inquiry: (1) the "history of plaintiff's patronage of a particular location"; (2) the "proximity of the place in question to the plaintiff's residence or location of frequent travel"; (3) the "definiteness of the plaintiff's plans to return"; and (4) "the plaintiff's frequency of travel near

the defendant establishment." *Faircloth v. McDonald's Corp*., 2018 U.S. Dist. LEXIS 193286, 2018 WL 5921230 (N.D. Ill. 2018)

Laufer has filed the same or similar lawsuit against various entities in the U.S. District court for the Southern District of Illinois.  (See the attached Exhibit B, a print out of a PACER query page from S.D. Ill which demonstrates that Laufer has filed six separate lawsuits in this Court as an ADA Tester.) This follows a pattern exhibited by Laufer in other federal jurisdictions.

In *Laufer v. Laxmi & Sons*, LLC, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y 2020) the Court noted that Laufer currently has twenty-nine other actions pending before this Court which appear to be similar lawsuits against places of lodging in the Northern District of New York. U.S. District Judge Brenda K. Sannes issued an Opinion which questioned whether Plaintiff had established standing thus whether the Court had subject matter jurisdiction over this action. Based on this analysis, Judge Sannes provided Plaintiff with an opportunity to brief the issue of subject matter jurisdiction for each of the cases filed in that jurisdiction **before proceeding further with the case**.  (Emphasis added)

Given that in the case at bar, defendant asserts that Laufer has failed to establish standing and thus subject matter jurisdiction, even if she had named the correct legal entity for the HIE&S Vandalia.  To conserve further judicial resources, and to prevent undue hardship and prejudice to Old Capitol Properties LLC, this Court should first Order that Laufer brief the issue of subject matter jurisdiction before proceeding any further with this case.

### D.  Mootness also would bar any claim for relief

Moreover, even assuming that Plaintiff had established standing to challenge the hotel website (and third party online reservations systems) described in the Complaint, there appears to

be a question about whether there is "a real and immediate threat of repeated injury" and whether any ADA claim is moot.

In accord with the case-or-controversy requirement in Article III, "[a] case in federal court must be alive at all stages of judicial proceedings. *Deeper Life Christian Fellowship, Inc. v. Sobol,* 948 F.2d 79, 81 (2d Cir. 1991); *see Harty v. Nyack Motor Hotel Inc.,* No. 19-cv-1322, 2020 U.S. Dist. LEXIS 40429, at *9, 2020 WL 1140783, at *3 (S.D.N.Y. March 9, 2020) (dismissing ADA claim as moot when lodging website that was allegedly inaccessible to disabled plaintiff had become defunct.) This Court may take judicial notice of the contents of the website in this case. *Id., 2020 U.S. Dist. LEXIS 40429, at *8 n.1, 2020 WL 1140783, at *3 n.1*.

Currently, the website for HIE&S Vandalia has an "Accessibility" page which lists (1) Accessible Hotel area; (2) Hotel Areas with Accessible Routes from Accessible Public Entrance; (3) Provided by Hotel, which lists various elements of accessibility.  See Exhibit C, attached hereto and incorporated herein, which is a print out of https://www.ihg.com/holiday9innexporess/hotel/us/en/vandalia/vanil/hoteldetail, as of August 26, 2020.)   In addition, the same website under its "Select A Room" function, has a picture of an individual in a wheel chair and would allow booking of, for example, a "King Hear Mobility Accessible Tub Nonsmk" room.  (Exhibit C)  There are rooms listed as "disability access" that are available to be reserved by the Laufer and the general public, as well.

Similarly, at https://www.expedia.com, the listing on August 26, 2020 for the Holiday Inn Express & Suites in Vandalia has a section which lists accessible features and specifically provides:  "If you have requests for specific accessibility needs, please note them in the special requests field in the booking page after selecting your room."  (See the attached Exhibit D, a screen shot from www.expedia.com on August 26, 2020)

Likewise, this Court can also take judicial notice that these website do indicate that Laufer could reserve an accessible room to accommodate her needs as a disabled individual. As such, the injunctive relief she seeks in the instant action is moot because ADA accommodations are accessible to her on these websites.

D. CONCLUSION

For all the reasons cited herein and in its motion to dismiss, this should dismiss Plaintiff's Complaint for insufficient service, failure to state a claim upon which relief can be granted and further that this Court stay this matter until plaintiff has fully briefed whether this court has subject matter jurisdiction over her alleged claim and whether those same claims as an "ADA tester" are barred as moot.

Dated: September 8, 2020

Respectfully submitted,

/s/ *Michael D. Schag*
Michael D. Schag, #6226014
James G. Nowogrocki, #6202539
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
Phone: 618-656-4646
Facsimile: 618-656-7940
Primary e-service: edwecf@heylroyster.com
Secondary e-service: mschag@heylroyster.com

*Attorneys for Defendant*
*Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick Cripe, d/b/a/ Holiday Inn Express & Suites*, *Individually*)

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

/s/ *Michael D. Schag*

*Counsel for Defendant*
*Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia (improperly named as Rick Cripe, d/b/a/ Holiday Inn Express & Suites*, *Individually*)