UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER, | |
| Plaintiff, | |
| v. | Case No. 20-cv-758-JPG |
| RICK CRIPE, d/b/a Holiday Inn Express & Suites Vandalia, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter, which was recently reassigned to the undersigned judge, comes before the Court for case management purposes. Defendant Rick Cripe filed a motion to dismiss this case on a variety of grounds (Doc. 10). Twenty-four days later, plaintiff Deborah Laufer sought leave to file an amended complaint, which the Court denied, and the briefing on the motion to dismiss continued. Laufer now seeks leave to file a sur-reply brief in opposition to the motion to dismiss (Doc. 33).

The Court **DENIES** Laufer's motion for leave to file a sur-reply (Doc. 33). Local Rule 7.1(c) provides, "Under no circumstances will sur-reply briefs be accepted."

The Court further revisits *sua sponte* the decision to deny leave to file an amended complaint. Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A plaintiff may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Laufer did not have a right to amend her complaint under this provision because she sought leave 24 days after service of the motion to dismiss.

If a plaintiff does not have the right to amend, a plaintiff may amend his pleading only

with the opposing parties' written consent, which the plaintiff has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Laufer sought leave to amend her complaint to change the defendant because she realized after reviewing the motion to dismiss that Cripe was not the proper defendant in this case. The Court denied her leave, finding that it would cause undue delay because the amended pleading did not cure all the deficiencies pointed out in the motion to dismiss. It indicated that the issues in the original motion should be decided before allowing a change in defendants.

The Court has reexamined the factors to be weighed when deciding whether to grant leave to amend and finds that amendment is warranted. It serves no purpose to decide issues relating to claims against a defendant that the plaintiff agrees is not the proper defendant in this case. For this reason, the Court **VACATES** the order denying leave to amend (Doc. 23), **GRANTS** Laufer leave to amend to change the identity of the defendant (Doc. 13), and **ORDERS** that she shall have 7 days from entry of this order to file an amended complaint that

complies with Local Rule 15.1 regarding underlining of new matter. Of course, she must then serve a summons and the amended pleading on the new defendant—or seek waiver thereof—as set forth in Federal Rule of Civil Procedure 4. An amended complaint will render moot the motion to dismiss the original complaint, which will no longer be the operative pleading in this case. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

**IT IS SO ORDERED.**
**DATED:  January 7, 2021**

>                          s/ J. Phil Gilbert
>                          **J. PHIL GILBERT**
>                          **DISTRICT JUDGE**