37197-1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH LAUFER, Individually,<br><br>Plaintiff,<br><br>v.<br><br>OLD CAPITOL PROPERTIES, LLC d/b/a<br>HOLIDAY INN EXPRESS & SUITES<br>VANDALIA, Individually,<br><br>Defendant. | Case No. 3:20-cv-00758-JPG |

**DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF
MOTION DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, AND/OR
FAILURE TO STATE A CLAIM, AND MOOTNESS**

Defendant Old Capitol Properties, LLC, by and through it undersigned attorneys, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, respectfully moves this Court to stay all proceedings pending resolution of Defendants' motion dismiss Plaintiff's Amended Complaint based on lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and mootness. [Doc. 41]. In support of this motion, Old Capitol states as follows:

1. On August 5, 2020, Plaintiff Deborah Laufer ("Plaintiff"), filed suit against Defendant Rick Cripe ("Cripe"), alleging that Cripe is doing business as Holiday Inn Express & Suites in Vandalia, Illinois ("HIE&S Vandalia"). [Doc. 1].

2. On September 8, 2020, Old Capitol Properties, LLC ("Old Capitol"), filed its Motion to Dismiss [Doc. 10], identifying four (4) distinct deficiencies in Plaintiff's Complaint, including lack of subject matter jurisdiction, failure to state a claim, mootness, and failure to name and serve the ownership of the HIE&S Vandalia. [Doc. 11]. These issues remain largely unresolved.

37197-1

3.     On October 2, 2020, Plaintiff filed a Motion for Leave to Amend [Doc. 13], which sought to partially address the first deficiency concerning identity of the parties by naming Old Capitol, but is otherwise identical to the original Complaint.

4.     Defendant Old Capitol opposed the amendment, asserting that naming the correct party, Old Capitol, would be futile, because the court lacks subject matter jurisdiction, Plaintiff's claim is moot, and Plaintiff failed to state a claim in any event. [Doc. 21].

5.     On October 26, 2020, the Court entered an Order denying leave to amend, and ordering Plaintiff to address the case-dispositive deficiencies in the Complaint.  [Doc. 23].

6.     On November 26, 2020, Plaintiff filed her Response to the Motion to Dismiss. [Doc. 24].  On December 7, 2020, Old Capitol filed a Reply in support of the original Motion to Dismiss.  [Doc. 26].  The matter was fully briefed before the court on several case-dispositive issues.  This case was subject to dismissal, with prejudice, at that time.

7.     Plaintiff then made three separate, procedurally improper attempts to reopen briefing on the Motion to Dismiss.  [Docs 27, 30 & 33].  Old Capitol opposed these efforts as procedurally improper.  [Docs 31 & 35].  The Court correctly denied Plaintiff's repeated attempts to deliver extraneous briefs into the court's file.  [Docs 29 & 32].

8.     However, on January 7, 2021, the Court *sua sponte* entered an Order vacating the prior order denying Plaintiff leave to amend, granting Plaintiff leave to amend to change the identity of the defendant, and granting Plaintiff seven days to file an amended complaint that complied with Local Rule 15.1. [Doc. 36].

9.     On January 7, 2021, Plaintiff filed her Amended Complaint identical to the original Complaint, with the exception of naming Old Capitol as a defendant.  [Doc. 37].

37197-1

  10. Old Capitol relied upon the timing provisions of Rule 15(a)(3) and timely reasserted the same case-dispositive 12(b)(1) and 12(b)(6) objections with regard to the Amended Complaint. In addition, Old Capitol was not properly served with process in this action, in violation of Rule 4(c), nor was it asked to waive service pursuant to Rule 4(d) and, therefore, Plaintiff's Amended Complaint was also subject to a Rule 12(b)(4) motion.

  11. In short, Plaintiff was given the benefit of the Court's reconsideration of her Motion for Leave to Amend, but did not cure any of the substantive defects in the original Complaint. Nonetheless, prior to the expiration of the deadline for Old Capitol to respond and reassert its case-dispositive grounds for dismissal, on January 15, 2021, the Court *sua sponte* issued an order for the parties to submit a joint scheduling order. [Doc. 40].

  12. Old Capitol respectfully suggests that a joint scheduling order will not be necessary to resolve this matter. Plaintiff has repeatedly and openly violated the Court's rules governing motion briefing and has, nonetheless, benefited greatly from the Court's grace in reconsidering its prior ruling on Plaintiff's motion for leave to amend. Plaintiff still lacks standing before this Court, and her claim, as now asserted in the Amended Complaint, should be dismissed. Plaintiff has failed to state a claim and dismissal under Rule 12(b)(6) is appropriate. Plaintiff's claim is moot, and there is no case or controversy to be decided.

  13. On January 18, 2021, Old Capitol filed its Motion to Dismiss Plaintiff's Amended Complaint, reasserting in greater depth the same legal issues concerning standing, failure to state a claim and mootness that plagued Plaintiff's original filing. [Doc. 41]. Old Capitol does not object to proceeding without formal service, for the sake of expediency. However, Old Capitol does not believe that a joint scheduling order is necessary, given the posture of this case.

37197-1

14. The court may grant a motion to stay discovery for a number of reasons, including the filing of a motion to dismiss. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). A stay of proceedings is not automatic, but generally found appropriate while a dispositive motion is pending. *See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]"); *see also Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming district court's decision to stay discovery while the Court addressed a threshold and dispositive legal issue on a motion to dismiss). Stays are deemed particularly appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where discovery may be especially burdensome and costly to the parties. *See, e.g.*, *Dsm Desotech Inc. v. 3D Systems Corp.,* 2008 U.S. Dist. LEXIS 87473, at *5 (N.D. Ill. 2008).

15. Here, Old Capitol believes that there is no need to engage in discovery, or collaborate on a joint scheduling order, where this Plaintiff lacks standing before the Court, has failed to state a claim and has asserted a moot controversy at the outset.

**WHEREFORE**, Defendant Old Capitol Properties, LLC, d/b/a Holiday Inn Express & Suites Vandalia, respectfully moves this Court for an Order staying these proceedings until resolution of Defendant's motion to dismiss and for such other and further relief as the Court deems just and proper.

37197-1

          Respectfully submitted,

          /s/ *Michael D. Schag*
          Michael D. Schag, #6226014
          Ryan A. Kemper, #6298468
          HEYL, ROYSTER, VOELKER & ALLEN, P.C.
          105 West Vandalia Street
          Mark Twain Plaza III, Suite 100
          Edwardsville, IL 62025
          Phone: 618-656-4646
          Facsimile: 618-656-7940
          Primary e-service: edwecf@heylroyster.com
          Secondary e-service: mschag@heylroyster.com

          *Attorneys for Defendant*
          *Old Capitol Properties, LLC, d/b/a Holiday Inn*
          *Express & Suites Vandalia*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2021, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

          /s/ *Michael D. Schag*

          *Counsel for Defendant*
          *Old Capitol Properties, LLC, d/b/a Holiday Inn*
          *Express & Suites Vandalia*