## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:20-cv-00758-JPG |
| | ) | |
| OLD CAPITOL PROPERTIES, LLC d/b/a HOLIDAY | ) | |
| INN EXPRESS & SUITES VANDALIA, Individually, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Deborah Laufer ("Plaintiff"), filed suit against Defendant Old Capitol Properties, LLC ("Old Capitol") doing business as Holiday Inn Express & Suites in Vandalia, Illinois ("HIE&S Vandalia") alleging that HIE&S has violated the Americans with Disabilities Act ("ADA"). Plaintiff claims that the online reservation systems appearing on third-party travel websites, such as expedia.com and booking.com, do not contain sufficient information for the plaintiff, a Florida resident, with no intention of visiting the State of Illinois until after the "passing of the Covid crisis", to identify ADA accessible rooms at the HIE&S Vandalia, located in Vandalia, IL. [Doc. 51]. Old Capitol filed its Motion to Dismiss Plaintiff's Second Amended Complaint, [Doc. 54], identifying multiple defects in the Second Amended Complaint, including Plaintiff's obvious lack of standing under Article III.

### A.   LACK OF CONCRETE INJURY

To have constitutional standing, a plaintiff must (1) suffer an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robbins*, 136 1540, 1547 (2016). Also, the plaintiff must show, "an invasion of a legally protected interest that is (a) concrete and particularized and

37197-1

(b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130 (1992).  In other words, Article III standing requires a concrete injury even in the context of a statutory violation. *Spokeo, Inc*., 136 S. Ct. at 1540.

While it may be contested in other circuits, Seventh Circuit precedent is unambiguous as to the concreteness of informational harms such as the one alleged by the plaintiff. The Seventh Circuit has stated that when a congressional decision creates a cause of action concerning an informational harm, there is no automatic satisfaction of the injury-in-fact requirement imposed on an individual plaintiff. *See Larkin*, 982 F.3d 1060 (7th Cir. 2020). When a plaintiff sues for "a bare procedural violation" of a statute and has not alleged a concrete, particularized personal injury from the violation, he has not satisfied the injury-in-fact requirement. *Id.; see also Gubala v. Time Warner Cable, Inc*., 846 F.3d 909, 911 (7th Cir. 2017) (no actual risk of harm equals no standing).

In *Larkin*, for example, the court found no standing where a defendant allegedly violated the Fair Debt Collection Practices Act by providing incorrect information in a debt collection letter, but the plaintiffs alleged no concrete harm, because that information did not actually cause them to pay debts they did not owe. *Id*. The mere information in the letter was not, alone, sufficient to establish standing, even though the plaintiff was entitled to the correct information. *Id.* That is, unless the plaintiff *actually intends to use the information*, an alleged informational harm is not a concrete and particularized injury. *Id., see also Spuhler v. State Collection Service,* 2020 U.S. App. LEXIS 39434, at *7 (7th Cir. 2020). Here, Plaintiff has made no allegation that she actually intended to use the ADA information sought on third-party websites to reserve a room or travel to Illinois at a specific time. As such, she lacks standing.  *See Scherr,* 703 F.3d at 1074-1075.

37197-1

B.   LACK OF TESTER STANDING

The plaintiff argues that plaintiffs have demonstrated concrete injuries in other cases, and have thereby been found to satisfy the standing requirements under Title III of the ADA. Plaintiff insists this Court rely on her inaccurate representation of *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). The holding in *Havens* strictly applies to the plaintiff's standing in regard to her status as a tester.

In *Havens*, an African American tester was given misinformation about the availability of apartments by an apartment complex on four separate occasions while the white testers received correct information. *Id* at 372-373. The Supreme Court found the African American tester had standing due to the differential treatment suffered based on the plaintiff's status as a member of a protected class while acting as a tester, despite not having any intention of buying or renting a home. *Id* at 374-375.

By comparison in *Houston*, a disabled tester was ruled to possess Article III standing. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332-1333 (11th Cir. 2013). The Court reasoned that a disabled tester who visited the defendant's supermarket and encountered architectural barriers violating the ADA has Article III standing. *Id* at 1223. There was a real injury to the plaintiff via the architectural barriers effect on the plaintiff due to disability, but not other visitors of the supermarket. *Id*. Regardless of the plaintiff's intent of testing the supermarket for ADA compliance, that plaintiff suffered a real injury. *Id*.

Here, differential treatment of a tester due to the tester's membership of a protected class is not present. A tester without disabilities of any kind would have encountered the same difficulty in assessing the accessibility features of the hotel as the plaintiff. The plaintiff alleges no facts that

her experience in accessing the information on the websites was detrimentally different due to her disability. There has been no concrete injury suffered by this plaintiff as a tester.

### C.    LACK OF DEFINITE TRAVEL PLANS

Although the plaintiff maintains it is unnecessary for the purpose of standing, she alleges she plans to travel to Illinois as soon as the Covid crisis is over. [Doc. 62 at 17]. By alleging she intends to travel at the end of a crisis with no definite end date, the plaintiff defeats her own attempt at standing. The Supreme Court has ruled that indefinite future travel plans to visit a particular location fail to give rise to Article III standing. *Lujan*, 112 S. Ct. at 1238.

### D.    MOOTNESS ALSO BARS ALL CLAIMS

Finally, the plaintiff incorrectly argues that Old Capitol is exclusively at fault for content posted on third party sites. [Doc. 62 at 18].  As attested in response to the first iteration of this lawsuit, these third party sites are completely outside of Old Capitol's control. *See* [Doc. 11-1, ¶ 12]. Further, the information at issue is, and always has been, available on Old Capitol's own website managed by IHG.  *See* [Doc. 11-3]. As such, the injunctive relief she seeks in the instant action is moot because ADA accommodations are, and always have been, reasonably accessible as demanded by the ADA.

Respectfully submitted,

*/s/ Michael D. Schag*_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Edwardsville, IL  62025
Phone:  618.656.4646
Primary e-service: edwecf@heylroyster.com
Secondary e-service:  mschag@heylroyster.com
*Attorneys for Defendant*

37197-1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, a copy of the foregoing was filed using the

Court's CM/ECF electronic filing system, which will effectuate service on all counsel of record.

*/s/ Michael D. Schag_____*
*Counsel for Defendant*
